PUERTO RICAN INTERNATIONAL PAPER COMPANY LIMITED, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. R-70-344.　　Decided October 5, 1971.

*McConnell, Valdés, Kelley & Sifre* and *Abelardo Ruiz Suria* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the Court.

Appellant operates in Arecibo an exempt industry under the Industrial Incentive laws. It is engaged in the production of paper in rolls. In 1967 it acquired two *montacargas*,[1] to be used in its manufacturing plant. It paid under protest the excise taxes in connection with said equipment and timely claimed its reimbursement. We agreed to review the judgment of the Superior Court dismissing the action for reimbursement.

There is no controversy as to the facts. These were stipulated. The question which is raised is whether the equipment in question is exempt from the payment of excise taxes pursuant to the provisions of § 46 of the Excise Act of Puerto Rico, Act No. 2 of January 20, 1956, as amended by Act No. 36 of May 31, 1963; 13 L.P.R.A. § 4046 (b) (1) (a).

In accordance with the stipulation of facts the forklift trucks are solely and exclusively used inside the limits of appellant's plant. The function they perform is to lift and transport the rolls of paper which are the finished product, to a warehouse inside the plant itself and sometimes directly

---

[1] In English the equipment is called tow-motor forklift truck with clamp.

to the platform of the trucks parked in the yard of appellant's property.

A brief examination of the judgment appealed from, in the light of the language and purpose of Act No. 36 of May 31, 1963, convinces us that the same should not prevail. In dismissing the complaint for reimbursement, the Superior Court relied on subsection (b) (1) (b) of § 46 of said Excise Act, which was not amended by Act No. 36 and which reads as follows:

"(1) *Articles Exempt from Tax.* Any of the following articles when used in a manufacturing plant:

.     .     .     .     .     .     .     .

"(b) machinery, trucks or hoisting units [*montacargas*] used exclusively and permanently to transport raw materials on the premises of the manufacturing plant."

The Superior Court held that the amendment introduced by Act No. 36 of 1963 did not alter in any manner the condition that, in connection with the equipment involved herein, in order to be entitled to the exemption, it is necessary that the same be used exclusively and permanently in the transportation of raw material on the premises of the manufacturing plant. The forklift trucks are not used to transport *raw material* of appellant's operation, but in handling the finished product: paper rolls. It decided that ". . . when the lawmaker left in effect paragraphs (b) to (i) of subsection (b) paragraph 1 of § 46 of the Excise Act of Puerto Rico, he affirmed in this manner his intention that the articles mentioned therein were to be subject to taxation."

That was not the purpose of the amendment. Section 46 of the Excise Act was amended in 1963. By Act No. 36 the machinery or equipment acquired subsequently to its approval and used in a manufacturing plant was exempted from the payment of excise taxes. In defining the term "manufacturing plant" it included:

"(3) a manufacturing plant exempt under the Industrial Incentive Act of 1954, the Industrial Tax Exemption Act of 1948, and any other exemption act subsequently approved for the same purposes."

Appellant's plant is "one of those included within the definition of 'manufacturing plant' which appears in Act No. 36 of May 31, 1963." This is a fact stipulated by the parties.

The language of Act No. 36 does not present any doubt whatsoever that equipment which, as in the case at bar, is used in a *manufacturing plant* included within one of the definitions of said term offered by the Act, as appellant is, is exempt from tax. That is the language of the act. That was the purpose of the legislation which amended subsection (1) (a) of § 46 of the Excise Act.

Under the provisions of said subsection prior to its amendment, the exemption of machinery and equipment was limited to that used in the factory stage of production relating to the processing of *materials* between the beginning and the completion of the manufacturing process.[2]

The Joint Report of the House Committees on the Treasury and Commerce in connection with bill No. 825 which was originated in the House of Representatives and which afterwards became Act No. 36 approved on May 31, 1963, when it was signed by the Governor, clearly expresses the scope and purpose of this legislation. It is stated there (XVII-3 *Diario de Sesiones* 1117–1118):

---

[2] Said subsection provided: (13 L.P.R.A. § 4046(b) (1) (a)):

"(b) Machinery and Equipment Used in Manufacturing Plants and Shipyards:

(1) *Articles Exempt from Tax.* Any of the following articles when used in a manufacturing plant:

(a) machinery or equipment used in the factory stage of production, relating to the processing of materials between the beginning and the completion of the manufacturing process including the assemblage or integration of taxable articles under section 4004 of this title."

"H.B. No. 825 has the purpose of *harmonizing* the management of the exemption provided in § 46(b)(1) of the Excise Act of Puerto Rico on raw material, machinery and equipment used in manufacturing plants and shipyards with the *new impulse* of the industrial development of Puerto Rico.

.    .    .    .    .    .    .    .

"The elimination of the tax would constitute a direct relief for the industry, not only of an economic nature, but it would impart solidity and facilitate promotion. It would be a favorable factor to achieve future expansions and new installations thus creating new direct and derived employments which will benefit greatly the general economy of the country.

"H.B. No. 825 will aid the Treasury Department in the implementation of the Excise Act and will avoid the disturbances and difficulties for industrialists *since the only thing they must prove is that the machinery and equipment will be used in a manufacturing plant.* On the other hand, the Treasury Department will only have to verify that the machinery and equipment are used in a manufacturing plant." (Italics ours.)

The Senate Committees expressed themselves in the same sense upon informing the purpose of said bill:[3]

"The purpose of this bill is to amend the aforecited paragraph (1)(a) of subsection (b) of Section 46 to leave clearly expressed that the machinery and equipment used in an exempt plant under the Industrial Incentive Act of 1954, the Excise Act of 1948, and any other exemption laws approved subsequently for the same ends, shall also be exempt."

The construction of § 46 of the Excise Act made by the trial court does not comply with the legislative intent in its effort to *harmonize* the implementation of the tax exemption of equipment used in manufacturing plants with the *new impulse* of industrial development in Puerto Rico and to create an additional favorable factor to achieve future expansions and new installations. We deem it proper to repeat what

---

[3] See the Report of the Senate Committees on the Treasury and Industry and Commerce, marked Annex B, attached to the appeal.

was stated in *Textile Dye Works, Inc.* v. *Secretary of the Treasury*, 95 P.R.R. 692, 697 (1968):

". . . the *industrial* tax exemptions should be interpreted in consonance with their creative purpose. It is in this way alone that the legislative intent will be accomplished, and, furthermore, that faithful and reasonable interpretation is the beneficial interpretation to the public interest. The industrial tax exemption is not a grace, in the old sense of the phrase, conferred by the Government of Puerto Rico, but it is an instrument utilized in Puerto Rico to promote industrial development and productive investment, all for the final goal of offering to the inhabitants of the country a civilized, material, and spiritual life."

The judgment of the Superior Court, San Juan Part, will be reversed, and another rendered in its place granting the complaint and ordering the reimbursement of the excise taxes claimed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martín did not participate in the decision of this case.